# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2: 11-cr-00053 |
| v. | ) | 2: 13-cv- 0014 |
| | ) | |
| TERRALD BENNETT | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court are numerous motions filed by Defendant Terrald Bennett: a MOTION TO STRIKE Civil Action No. 11-965 (Document No. 899), to which the government filed a response in opposition; a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 904), with brief in support, to which the government has filed a response in opposition and Bennett filed a reply brief; a PRO SE MOTION FOR A § 2255 EVIDENTIARY HEARING ON ALL ISSUES (Document No. 938), with brief in support; and a PRO SE MOTION FOR APPOINTMENT OF 18 U.S.C. § 2255 COUNSEL UNDER § 3006A(g) (Document No. 940). The motions are ripe for disposition.

Factual and Procedural Background

On March 1, 2011, a federal grand jury returned a one-count indictment which charged Bennett and eight co-Defendants with conspiracy to distribute one kilogram or more of heroin from June 2009 through February 2011. On March 3, 2011 Bennett filed a Financial Affidavit in which he stated that he had no cash on hand or money in savings or checking accounts. Accordingly, attorney Patrick Livingston was appoint by the Court to serve as counsel for

Bennett pursuant to the Criminal Justice Act ("CJA").

On July 15, 2011, the government filed a three-count superseding indictment which named a total of eighteen Defendants. In addition to the heroin conspiracy at Count 1, Bennett was charged at Count 2 of the superseding indictment with money laundering, from March 2009 through April 2011, along with his girlfriend, Michelle Jimenez.

On July 26, 2011, the government filed a complaint at Civil Action No. 11-965, to seek civil forfeiture of monies seized from two PNC Bank safe deposit boxes ($15,205.00 and $72,330.00, respectively) and $6,602.09 in cash seized from the home of Bennett and Jimenez. The seizures occurred during the execution of search warrants as part of the investigation of the heroin conspiracy. Civil Action No. 11-965 was stayed pending resolution of the criminal case.

On November 17, 2011, Bennett filed a pro se motion to remove his CJA attorney, Patrick Livingston, and appoint new counsel. The Court denied the motion because Bennett had not provided any substantive basis for such action. On February 13, 2012 Bennett filed another motion, which conclusorily alleged "irreconcilable differences" with Livingston and asked the Court to appoint a lawyer of Bennett's choice. Livingston filed a response in opposition to motion, noting that the motion had been drafted several months earlier; that he and Bennett did not have any fundamental disagreements or misunderstandings; and that they had "developed a productive working relationship." The Court denied the motion.

In April 2012, Livingston filed numerous motions on behalf of Bennett, including motions to suppress evidence. The motions were never ruled upon because the parties informed the Court that Bennett had agreed to plead guilty. On June 24, 2012, just days prior to the scheduled plea hearing, Livingston filed a motion to withdraw as counsel.

On June 27, 2012 the Court held a hearing, at which Assistant United States Attorney

("AUSA") Gregory Nescott, Livingston and Bennett discussed the history of Livingston's representation and the status of plea negotiations. The hearing Transcript is filed at Document No. 951. Bennett confirmed that he was aware of and understood all of the matters discussed and set forth in the draft plea agreement, and stated that he was willing to plead guilty at that time, but not with Livingston as his attorney. Transcript at 3. The Court explained that Bennett had the choice to continue pro se with Livingston serving as "stand-by counsel." Livingston stated that he and Bennett had a fundamental disagreement about the role of counsel, although he refused to provide details to preserve the attorney-client privilege. The Court reviewed a list of tasks that Livingston had performed during his representation (explanations of charges, potential penalties, discovery materials, plea negotiations, etc.) Bennett stated: "I don't have nothing against Mr. Livingston, but …" Bennett did not understand his role in the alleged conspiracy, due to his lack of contacts with co-Defendant James Green. Transcript at 8. Livingston stated that Bennett was concerned that a kilogram of heroin was being attributed to him, which would trigger a ten-year mandatory sentence. Livingston then explained that the weight of the heroin would not ultimately affect Bennett's sentence, because if the weight was reduced, the AUSA would file a § 851 Information regarding a prior felony drug conviction, such that Bennett would receive a ten-year mandatory minimum sentence in any event.[1] Transcript at 10-11. Livingston then explained that Bennett had agreed to discuss the plea negotiations on an open record, and that the record would demonstrate that Bennett received assistance of counsel during the plea negotiation process. Transcript at 10-11. Bennett confirmed that he understood what Livingston had told the Court, but continued to have questions about the factual evidence against him. Transcript at 12. Livingston suggested that a "reverse proffer" by the government would

---

[1] This was the context for the references to different ways to "skin the cat." Bennett confirmed that he understood the context. Transcript at 15.

be helpful and the AUSA agreed. The Court explained to Bennett that he should not feel any pressure to enter a plea of guilty, but could think about what he wanted to do overnight, over a week or two, or whatever he wanted. Transcript at 17. The parties then took a recess, during which the AUSA privately provided a summary of the evidence against Bennett. When the hearing resumed, Bennett notified the Court that he agreed to plead guilty and to be sentenced without a pre-sentence investigation report ("PSI"), pursuant to the terms of a plea agreement with the government. Transcript at 18-19. Bennett also agreed that Livingston would continue to represent him. Transcript at 19. Therefore, the Court denied Livingston's motion to withdraw as moot and scheduled a plea/sentencing hearing for the next week.

On July 3, 2012 Bennett pled guilty to Counts 1 and 2 of the Superseding Indictment. In the written plea agreement, Bennett and the government stipulated that the amount of heroin attributable to him was between one and three kilograms, and the value of the laundered funds was $70,000-$120,000. The Court conducted an extensive colloquy to determine that Bennett's plea was knowing and voluntary and that he agreed to be sentenced in accordance with the stipulated penalties set forth in the plea agreement.

In the colloquy, the Court also confirmed that Bennett had knowingly and voluntarily waived his right to file a direct appeal (except for certain specified exceptions); and had knowingly and voluntarily waived his right to file a collateral appeal pursuant to 28 U.S.C. § 2255. Transcript at 18-19; *See also* Plea Agreement ¶ A(8). As part of the colloquy, the Court also asked Bennett whether he was "satisfied in all respects with the advice and representation" which Livingston had provided to him. Bennett answered "Yes." Transcript at 35.

The Court then proceeded directly to sentencing. In his remarks to the Court prior to receiving his sentence, Bennett apologized to Livingston. In response, the Court stated: "When

I resisted your attempt to fire Mr. Livingston, to be very candid with you, I was trying to do what was best for you also because I know this gentleman and I know what he does in representation of people in this court, and I think he did a fine job for you . . . ." Pursuant to Fed. R. Crim. P. 11(c) and the stipulated sentence agreed upon by the parties in the plea agreement, Bennett was sentenced to a term of imprisonment of 120 months at both counts, to run concurrently. This represented the statutory mandatory minimum sentence. Bennett was also required to forfeit two automobiles and sentenced to a total of five years of supervised release. A Judgment of Conviction Order was entered the same day. Bennett did not file a direct appeal.

On December 5, 2012, Bennett filed a petition at Criminal Case No. 11-53 for return of $72,330.00 seized from one of the safe deposit boxes. The government filed a response in opposition to the motion, and explained that this money was the subject of civil forfeiture proceedings at Civil Action No. 11-965. On December 14, 2012 the Court denied Bennett's motion.

On February 2, 2013 as part of the sentence Jimenez received in Criminal Case No. 11-53, she was required to forfeit her interest in the monies seized from the safety deposit boxes and from the home. On March 28, 2013, at Civil Action No. 11-965, the Court granted the government's motion for civil forfeiture as to $15,205.00 seized from a safe deposit box. The civil litigation continues as to $72,330.00 seized from the other safe deposit box and the $6,602.09 seized from the Bennett/Jimenez home. The government has represented that it will move to lift the stay at Civil Action No. 11-965. With that background, the Court turns now to the motions filed by Bennett.

Motion to Strike Civil Action No. 11-965

Bennett has filed a motion in the criminal case which asks the Court to strike the civil case because he has not received notice of the civil case. In the motion, Bennett also asks the Court to overrule its Order of December 14, 2012, which denied his petition for return of the $72,330.00 from the safety deposit box.

The government filed a response in opposition to the motion. The government noted, correctly, that the Federal Rules of Criminal Procedure do not apply to a civil case. The government further represented that when the civil case is unsealed, it will fully comply with all notice and service requirements mandated by law, and that Bennett will be given a chance to contest the civil action.

The Court recognizes that Bennett is pro se. Nevertheless, to properly challenge the civil action, he must file appropriate documents in the civil action, Civil Action No. 11-965. The instant motion is improper. More substantively, the government has represented that Bennett will, in fact, be given a full and fair opportunity to contest the civil forfeiture. Accordingly, Bennett's MOTION TO STRIKE Civil Action No. 11-965 (Document No. 899) will be **DENIED**.

Motions Pursuant to § 2255

Bennett seeks relief from his conviction and sentence due to: (1) alleged ineffective assistance of counsel during the plea agreement process due to conflict of interest; (2) alleged improper judicial participation and coercion during the June 27, 2012 hearing; (3) alleged ineffective assistance of counsel for failure to interview co-Defendant James Green; (4) alleged ineffective assistance of counsel "for conflict threats and adverse representation"; (5) alleged

ineffective assistance of counsel for failing to seek a seven-year plea agreement; (6) alleged ineffective assistance of counsel for coercing Defendant to plead guilty after stating that he had found no evidence that Bennett was involved in James Green's conspiracy; (7) alleged ineffective assistance of counsel for failing to explain the nature of the conflict between Bennett and Livingston to the Court in camera; (8) abuse of discretion by the Court in permitting the plea colloquy to proceed when Bennett told the Court he did not understand about the conspiracy and amount of drugs; (9) alleged ineffective assistance of counsel as to forfeiture of the 2007 Audi A8L, which had been purchased by a business, Exclusive Fashions, which was not a Defendant; and (10) alleged ineffective assistance of counsel for failure to request a "*James* Hearing." As set forth in his Memorandum of Law, one of the fundamental problems underlying the conflict between Bennett and Livingston was the lack of evidence that would connect Bennett to "Green's conspiracy."

In opposing Bennett's motion, the government contends that Bennett knowingly and voluntarily waived his right to file a § 2255 motion in the plea agreement, as demonstrated by the Transcript of the plea colloquy. The government contends that this waiver should be enforced, and his motion should be denied without consideration of the merits. In the alternative, the government contends that Bennett's claims are without merit because his attorney was not ineffective and the Court did not violate his constitutional rights.

The Court was well-aware that Bennett had had a somewhat rocky relationship with his attorney, Mr. Livingston. That is why the Court carefully questioned Bennett in open court regarding his knowledge of his options, his willingness to plead guilty, and his desire to have Livingston remain as his attorney in two separate proceedings. *See* Transcript of June 27, 2012 hearing and Transcript of July 3, 2012 plea and sentencing colloquy. In particular, the Transcript

reflects that Livingston had thoroughly discussed the proposed terms of the plea agreement with Bennett, such that it was abundantly clear that Bennett had received effective assistance of counsel during the plea bargaining process. The Court notes that in June 2012, it was Livingston, not Bennett, who moved to terminate the representation. Ultimately, Livingston and Bennett both agreed that he would continue as counsel and Bennett represented to the Court that he entered into the plea agreement and stipulated sentence knowingly and voluntarily.

The Court also specifically questioned Bennett regarding his intent to waive his right to file a collateral attack on his plea and sentence pursuant to § 2255 – the very motion that is now pending. The Court exercised substantial care to ensure that Bennett understood his rights, in part because the plea and sentencing proceedings were to be combined and the Court would be required to accept the stipulated sentence as negotiated by the parties. Bennett affirmed that he understood his rights and agreed to waive them. As reflected in the Transcripts of the proceedings, the Court was satisfied and convinced that Bennett knowingly and voluntarily agreed to plead guilty, to be sentenced as set forth in the written plea agreement, and to waive any collateral attack on that sentence. Under the facts and circumstances of this case, Bennett's waiver is enforceable and does not result in a miscarriage of justice. *See United States v. Jackson,* 523 F.3d 234 (3d Cir. 2008); *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007); *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001).

The Court notes that it has re-reviewed the plea agreement, the Transcripts of the June 27, 2012 hearing and July 3, 2012 plea/sentencing hearing, and is satisfied that Bennett received professional and effective legal representation. Bennett appears to have hoped to receive a seven-year term of imprisonment, and to fault Livingston when that deal did not materialize. As the government points out, Bennett's expectation was unreasonable – the government was

unwilling to agree to anything less than the ten year mandatory minimum term of imprisonment. Further, had Bennett elected to go to trial, the government would have filed a § 851 Information and Bennett would have faced a mandatory minimum of twenty (20) years of imprisonment, if convicted. The Court appreciates that Bennett may have had difficulty and frustration grasping the scope and implications of the federal law governing drug conspiracies. The fact remains, however, that he received the statutory mandatory <u>minimum</u> sentence.

The Court is also satisfied that it did not violate Bennett's rights. The Court did not improperly coerce Bennett to keep Livingston against his will on June 27, 2012. To the contrary, the Court explained that the decision was up to Bennett. Nor did the Court err by permitting the June 27th hearing to continue after Bennett raised questions about the conspiracy charge. Rather than forcing Bennett to make an uninformed decision, the Court granted the request of the parties to take a recess to enable the AUSA to privately outline the evidence against Bennett and answer Bennett's questions. When the hearing resumed, Bennett informed the Court of his intent to plead guilty. Even then, another week passed before the actual plea and sentencing proceeding was conducted. In sum, Bennett was not rushed or coerced into a hasty, uninformed decision.

In conclusion, Bennett knowingly and voluntarily waived his right to file a § 2255 motion and that waiver is enforceable under the facts and circumstances of this case. In any event, Bennett entered an informed, knowing and voluntary plea of guilty; was sentenced as stipulated in a written plea agreement; and has not established any grounds to vacate, set aside or correct his sentence. Counsel was not ineffective and Bennett's constitutional rights were fully protected. There is no need for an evidentiary hearing or for the appointment of counsel for Bennett.

In accordance with the foregoing, the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 904), will be **DENIED**. Because the filings of the parties and the record in the case is sufficient to decide the matters, the PRO SE MOTION FOR A § 2255 EVIDENTIARY HEARING ON ALL ISSUES (Document No. 938) and PRO SE MOTION FOR APPOINTMENT OF 18 U.S.C. § 2255 COUNSEL UNDER § 3006A(g) (Document No. 940) will be **DENIED**.

A certificate of appealability will not be issued pursuant to 28 U.S.C. § 2253.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | 2: 11-cr-00053 |
| v. | ) | 2: 13-cv- 0014 |
| | ) | |
| **TERRALD BENNETT** | ) | |

## ORDER OF COURT

AND NOW this 2nd day of May, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION TO STRIKE Civil Action No. 11-965 (Document No. 899) filed by Defendant Terrald Bennett is **DENIED;** the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 904) is **DENIED;** the PRO SE MOTION FOR A § 2255 EVIDENTIARY HEARING ON ALL ISSUES (Document No. 938) is **DENIED;** and the PRO SE MOTION FOR APPOINTMENT OF 18 U.S.C. § 2255 COUNSEL UNDER § 3006A(g) (Document No. 940) is **DENIED**. Civil Action No. 13-14 shall be docketed closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:
    Gregory Nescott, AUSA
    Lee Karl, AUSA

    Terrald Bennett
    #32796-068
    FCI-Gilmer
    P.O. Box 6000
    Glenville, WV 26351
     (By First Class Mail)